IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION | ) |
| | ) |
| JOAN KISTER, Individually and as | ) |
| Executor of the Estate of ALAN B. | ) |
| KISTER, deceased, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 17-193-LPS-SRF |
| | ) |
| AIR & LIQUID SYSTEMS | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

### I. **INTRODUCTION**

Presently before the court in this asbestos-related personal injury action are the motions for summary judgment of defendants Air & Liquid Systems Corporation ("Buffalo Pumps"),[1] The Fairbanks Company ("Fairbanks"), CertainTeed Corporation ("CertainTeed"), Foster Wheeler LLC ("Foster Wheeler"), Union Carbide Corporation ("Union Carbide"), Aurora Pump Company ("Aurora"), and Pfizer, Inc. ("Pfizer") (collectively, "Defendants"). (D.I. 75; D.I. 78; D.I. 80; D.I. 84; D.I. 86; D.I. 87; D.I. 90)[2] Plaintiff Joan Kister ("Plaintiff" or "Mrs. Kister"), individually, and as the Executor of the Estate of Alan B. Kister ("Mr. Kister"), did not respond to these motions. As indicated in the chart *infra* and for the reasons that follow, the court

---

[1] Air & Liquid Systems Corporation is named individually and as a wholly-owned subsidiary of AMPCO-Pittsburgh Corporation, individually and as successor in interest to Buffalo Pumps, Inc. (D.I. 69 at ¶ 8)

[2] All briefing associated with these motions can be found at D.I. 76; D.I. 79; D.I. 81; D.I. 85; D.I. 88; D.I. 91.

recommends GRANTING Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| Air & Liquid Systems / Buffalo Pumps | GRANT |
| The Fairbanks Company | GRANT |
| CertainTeed Corporation | GRANT |
| Foster Wheeler LLC | GRANT |
| Union Carbide Corporation | GRANT |
| Aurora Pump Company | GRANT |
| Pfizer Inc. | GRANT |

## II. BACKGROUND

### A. Procedural History

On October 28, 2016, Joan and Alan Kister originally filed this personal injury action against multiple defendants in the Superior Court of Delaware, asserting claims arising from Mr. Kister's alleged harmful exposure to asbestos. (D.I. 1, Ex. A) On February 23, 2017, the case was removed to this court by defendant CBS Corporation pursuant to 28 U.S.C. §§ 1442(a)(1), the federal officer removal statue,[3] and 1446. (D.I. 1) On July 30, 2017, Mr. Kister died during the pendency of this action. (D.I. 62) As a result, Mrs. Kister filed an amended complaint on February 6, 2018, naming herself, individually, and as the Executor of the Estate of Mr. Kister, as plaintiff. (D.I. 69) Buffalo Pumps, Fairbanks, CertainTeed, Foster Wheeler, Union Carbide, Aurora, and Pfizer filed the pending motions for summary judgment, individually. (D.I. 75; D.I. 78; D.I. 80; D.I. 84; D.I. 86; D.I. 87; D.I. 90) Plaintiff did not respond to these motions. On March 26, 2018, CertainTeed, Foster Wheeler, and Union Carbide sent a joint letter to the court

---

[3] The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1).

seeking dismissal for Plaintiff's failure to oppose any of their respective summary judgment motions. (D.I. 95) On April 3, 2018, Aurora sent its own letter to the court seeking dismissal. (D.I. 98)

## B. Facts

### 1. Mr. Kister's Alleged Exposure History

Plaintiff alleges that Mr. Kister developed mesothelioma as a result of exposure to asbestos-containing materials during his employment as a pipe-coverer with Newport News Shipbuilding and Dry Dock Co. ("Newport News") from February to August 1968. (D.I. 69 at ¶¶ 4, 14) Plaintiff contends that Mr. Kister was injured due to exposure to asbestos-containing products that Defendants manufactured, sold, distributed, licensed, or installed. (*Id.* at ¶¶ 5, 9) Accordingly, Plaintiff asserts claims for negligence, willful and wanton conduct, strict liability, loss of consortium, and wrongful death. (*Id.* at 7-14)

Mr. Kister was deposed on January 26, 2017. (D.I. 76 at 1) Plaintiff did not produce any other fact or product identification witnesses for deposition.[4] In 1968, Mr. Kister was employed by Newport News and worked at Newport News Shipyard. (D.I. 69 at ¶ 4) During this time, Mr. Kister worked aboard the USS Mobile ("the Mobile") for seven months. (D.I. 76, Ex. A at 38:22-23) While working as a pipe-coverer aboard the Mobile, Mr. Kister performed work on pumps housed in the Mobile's pump room. (*Id.* at 75:23-76:76:19) Mr. Kister testified that there were many different pumps aboard the Mobile, but the three manufacturers he recalled encountering were "Warren, Worthington, and Ingersoll-Rand." (*Id.*, Ex. B at 33:4-11) Mr. Kister did not know of any other products which may have exposed him to asbestos. (D.I. 88,

---

[4] The deadline for completion of depositions of all co-worker, product identification, and other exposure testimony witnesses was September 15, 2017. (D.I. 24 at 3)

3

Ex. B at 58:20-25)

### 2. Plaintiff's Product Identification Evidence

#### a. Air & Liquid Systems / Buffalo Pumps

Mr. Kister did not identify an asbestos-containing Buffalo Pumps product. (*See* D.I. 76, Exs. A-B)

#### b. Fairbanks

Mr. Kister did not identify an asbestos-containing Fairbanks product. (*See id.*)

#### c. CertainTeed

Mr. Kister did not identify an asbestos-containing CertainTeed product. (*See id.*)

#### d. Foster Wheeler

Mr. Kister did not identify an asbestos-containing Foster Wheeler product. (*See id.*)

#### e. Union Carbide

Mr. Kister did not identify an asbestos-containing Foster Wheeler product. (*See id.*)

#### f. Aurora

Mr. Kister did not identify an asbestos-containing Aurora product. (*See id.*)

#### g. Pfizer

Mr. Kister did not identify an asbestos-containing Pfizer product. (*See id.*)

## III. LEGAL STANDARD

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury

4

to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 321. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). An assertion that a fact cannot be—or, alternatively, is—genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247-49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex*, 477 U.S.

at 322. If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).[5] A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.*, 2014 WL 3783878, *2 (D.N.J. July 31, 2014) (quoting *Muskett v.*

---

[5] This section was added to Rule 56 to overcome cases in the Third Circuit that impaired the utility of the summary judgment device:

> A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue.

Fed. R. Civ. P. 56(e) advisory committee's note. Before the amendment, the Third Circuit would have denied summary judgment if the averments were "well-pleaded," and not conclusory. *Id.* However, the Advisory Committee noted that summary judgment is meant to pierce the pleadings and to assess proof to see whether there is a genuine need for trial. *Id.* Accordingly, the pre-amendment Third Circuit precedent was incompatible with the basic purpose of the rule. *Id.* The amendment recognizes that, "despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The amendment, however, was not designed to affect the ordinary standard applicable to summary judgment. *Id.*

*Certegy Check Svcs., Inc.*, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

## B. Maritime Law

The parties do not dispute that maritime law applies to the claims and defenses asserted in this case. (D.I. 59)

### 1. Product Identification/Causation

In order to establish causation in an asbestos claim under maritime law, a plaintiff must show, for each defendant, "(1) that he was exposed to the defendant's product, and (2) that the product was a substantial factor[6] in causing the injury he suffered." *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (citing *Stark v. Armstrong World Indus., Inc.*, 21 F. Appx. 371, 375 (6th Cir. 2001)); *Dumas v. ABB Grp., Inc.*, 2015 WL 5766460, at *8 (D. Del. Sept. 30, 2015), *report and recommendation adopted*, 2016 WL 310724 (D. Del. Jan. 26, 2016); *Mitchell v. Atwood & Morrill Co.*, 2016 WL 4522172, at *3 (D. Del. Aug. 29, 2016), *report and recommendation adopted*, 2016 WL 5122668 (D. Del. Sept. 19, 2016); *Denbow v. Air & Liquid Sys. Corp.*, 2017 WL 1199732, at *4 (D. Del. Mar. 30, 2017), *report and recommendation adopted*, 2017 WL 1427247 (D. Del. Apr. 19, 2017).[7]

---

[6] "Maritime law incorporates traditional 'substantial factor' causation principles, and courts often look to the Restatement (Second) of Torts for a more helpful definition." *Delatte v. A.W. Chesterton Co.*, 2011 WL 11439126, at *1 n.1 (E.D. Pa. Feb. 28, 2011). The comments to the Restatement indicate that the word "substantial," in this context, "denote[s] the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility." Restatement (Second) of Torts § 431 cmt. a (1965).

[7] Previously, courts in this Circuit recognized a third element and required a plaintiff to "show that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged," *Abbay v. Armstrong Int'l, Inc.*, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012), because the majority of federal courts have held that, under maritime law, a manufacturer has no liability for harms caused by, and no duty to warn about hazards associated with, a product it did not manufacture or distribute. This is also referred to as the "bare metal" defense. *See Dalton v. 3M Co.*, 2013 WL 4886658, at *7 (D. Del. Sept. 12, 2013) (citing cases); *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012). However, the Third

7

"In establishing causation, a plaintiff may rely upon direct evidence (such as testimony of the plaintiff or decedent who experienced the exposure, co-worker testimony, or eye-witness testimony) or circumstantial evidence that will support an inference that there was exposure to the defendant's product for some length of time."[8] *Abbay v. Armstrong Int'l, Inc.*, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012) (citing *Stark*, 21 F. Appx. at 376). On the other hand, "'[m]inimal exposure' to a defendant's product is insufficient to establish causation. Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." *Lindstrom*, 424 F.3d at 492 (quoting *Stark*, 21 F. Appx. at 376). "Rather, the plaintiff must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Abbay*, 2012 WL 975837, at *1 n.1 (quoting *Lindstrom*, 424 F.3d at 492). "Total failure to show that the defect caused or contributed to the accident will foreclose as a matter of law a finding of strict product[] liability." *Stark*, 21 F. Appx. at 376 (citations omitted).

## IV. DISCUSSION

### A. Air & Liquid Systems / Buffalo Pumps

The court recommends granting Buffalo Pump's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Kister was exposed to an asbestos-containing Buffalo Pumps product. During his deposition, Mr. Kister did not identify

---

Circuit has most recently held that a manufacturer of a "bare metal" product may be held liable for injuries sustained from later-added asbestos-containing materials, if the facts show that the plaintiff's injuries were a reasonably foreseeable result of the manufacturer's failure to provide a reasonable and adequate warning. *In re: Asbestos Prod. Liab. Litig. (DeVries)*, 873 F.3d 232, 240 (3d Cir. 2017).

[8] However, "'substantial exposure is necessary to draw an inference from circumstantial evidence that the exposure was a substantial factor in causing the injury.'" *Stark*, 21 F. Appx. at 376 (quoting *Harbour v. Armstrong World Indus., Inc.*, 1991 WL 65201, at *4 (6th Cir. April 25, 1991)).

8

any Buffalo Pumps product. (*See* D.I. 76, Exs. A-B) Therefore, summary judgment should be granted.

### B. Fairbanks

The court recommends granting Fairbanks' motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Kister was exposed to an asbestos-containing Fairbanks product. During his deposition, Mr. Kister did not identify any Fairbanks product. (*See id.*) Therefore, summary judgment should be granted.

### C. CertainTeed

The court recommends granting CertainTeed's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Kister was exposed to an asbestos-containing CertainTeed product. During his deposition, Mr. Kister did not identify any CertainTeed product. (*See id.*) Therefore, summary judgment should be granted.

### D. Foster Wheeler

The court recommends granting Foster Wheeler's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Kister was exposed to an asbestos-containing Foster Wheeler product. During his deposition, Mr. Kister did not identify any Foster Wheeler product. (*See id.*) Therefore, summary judgment should be granted.

### E. Union Carbide

The court recommends granting Union Carbide's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Kister was exposed to an asbestos-containing Union Carbide product. During his deposition, Mr. Kister did not identify any Union Carbide product. (*See id.*) Therefore, summary judgment should be granted.

### F. Aurora

The court recommends granting Aurora's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Kister was exposed to an asbestos-containing Aurora product. During his deposition, Mr. Kister did not identify any Aurora product. (*See id.*) Therefore, summary judgment should be granted.

### G. Pfizer

The court recommends granting Pfizer's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Kister was exposed to an asbestos-containing Pfizer product. During his deposition, Mr. Kister did not identify any Pfizer product. (*See id.*) Therefore, summary judgment should be granted.

## V. CONCLUSION

For the foregoing reasons, and as addressed in the chart *infra*, the court recommends granting Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| Air & Liquid Systems / Buffalo Pumps | GRANT |
| The Fairbanks Company | GRANT |
| CertainTeed Corporation | GRANT |
| Foster Wheeler LLC | GRANT |
| Union Carbide Corporation | GRANT |
| Aurora Pump Company | GRANT |
| Pfizer Inc. | GRANT |

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de

novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 4, 2018

Sherry R. Fallon
United States Magistrate Judge